# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| **OLLIE LEE EVANS, # 63213** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 2:13cv17-KS-MTP** |
| **DR. RONAL WOODALL, DR. CHARMAN MCCLEAVE, RON KING, EMMITT SPARKMAN, CHRISTOPHER EPPS, GLORA PERRY, JOHNNIE DENMARK, MIKE HATTING, APRIL MEGG, WEXFORD HEALTH SOUTH, FORREST GENERAL HOSPITAL, SOUTHERN BONE & JOINT, DR. CONSTANTINE P. CHAROGLU, and S.M.C.I.-2-AREA** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING CAUSE WITHOUT PREJUDICE

BEFORE THE COURT is *pro se* Plaintiff Ollie Lee Evans's Motion [2] for leave to proceed *in forma pauperis*. He brings this 42 U.S.C. § 1983 action alleging surgery was performed on the wrong finger. The Court finds that, while a prisoner, Evans has brought at least three civil actions under 28 U.S.C. § 1915, which have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. His *in forma pauperis* application in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed *in forma pauperis* is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." *Id.* The Court must consider all actions which were dismissed as

frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). Denial of *in forma pauperis* under the three strikes provision is a:

> matter[] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Evans has, on at least 22 prior occasions, brought civil actions under § 1915, in a court of the United States. These lawsuits were brought while he was incarcerated with the Mississippi Department of Corrections. Two were dismissed as frivolous, either in whole or in part. *Evans v. Tilley*, No. 2:11cv27-KS-MTP (S.D. Miss. Jan. 5, 2012); *Evans v. Smith*, No. 1:01cv280-DMR (S.D. Miss. Nov. 8, 2001). Two were dismissed as frivolous and for failure to state a claim. *Evans v. GEO*, No. 4:09cv94-HTW-LRA (S.D. Miss. Apr. 10, 2012) (final dismissal); *Evans v. Wexford Health Sources, Inc.*, No. 3:10cv124-LRA (S.D. Miss. Apr. 3, 2012); *GEO*, No. 4:09cv94-HTW-LRA (S.D. Miss. Mar. 2, 2010) (partial dismissal). One was dismissed as malicious. *Evans v. Sparkman*, No. 3:12cv112-CWR-FKB (S.D. Miss. Mar. 2, 2012). These dismissals count as five strikes under § 1915. This list is not exhaustive. Unless the present action satisfies the imminent danger exception, he must be denied pauper status.

The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g). The Fifth Circuit held, "a prisoner with three strikes is entitled to proceed with his action . . . only if he is

in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

On January 31, 2013, Evans filed this Complaint, concerning a "denial of adequet [sic] medical care." (Compl. at 1). He alleges that, on November 8, 2012, arthritis surgery was performed on the wrong finger. He then underwent physical therapy on his hand in November and December. He claims he still cannot bend his hand and that it is painful and swollen. He further alleges that the surgeon "have [sic] said he have [sic] set a rescheduled for [sic] the near future. But I am in a lot of pain now and my Right's [sic] hand is still in a lot of pain now and my hand is still not fixed yet." (Dkt. 8-3 at 2).

Courts have evaluated arthritis claims for imminent danger. One court held that severe pain for spinal arthritis and chronic nerve root damage constituted imminent danger where the conditions had gone untreated for two years. *Perez v. Sullivan*, No. 05-C-711-C, 2005 U.S. Dist. LEXIS 32736 at *5 (W.D. Wis. Dec. 13, 2005). In that case, a pain management clinic was recommended. *Id.* at *4. Despite, this the Complaint alleged that defendants had not followed the recommendation. *Id.* Another court held that the plaintiff's arthritis did not constitute a serious injury and noted the plaintiff was being treated by ibuprofen. *Adamson v. Collins*, No. 3:08cv404, 2008 U.S. Dist. LEXIS 83894 at * 13-14 (N.D. Fla. Oct. 1, 2008). The court did not indicate that other treatment was needed or sought.

In this case, Evans complains about his need for arthritis surgery and medical treatment. He admits that he received physical therapy and that a second surgery is forthcoming. He alleges no ongoing or imminent risk to his physical health or safety. Therefore, the imminent danger exception does not apply to this civil action.

Evans is not entitled to pauper status. Since the Court denies him permission to proceed as a pauper, and the Court has not received payment of the filing fee for this civil action, this case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Ollie Lee Evans's Motion [2] for leave to proceed *in forma pauperis* should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is **DISMISSED**. Since Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. Oct. 2, 2006). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to reopen this civil action if the full filing fee of $350.00[1] is paid within 30 days from the entry of this Order.

**SO ORDERED**, this the 7th day of June, 2013.

                    *s/Keith Starrett*
                    UNITED STATES DISTRICT JUDGE

---

[1]As of May 1, 2013, the cost to file a civil action is a $350 filing fee plus a $50 administrative fee. Because this case was filed prior to May 1, only the $350 filing fee applies.