IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**OLLIE LEE EVANS, # 63213**                                                                 **PLAINTIFF**

V.                                                          CIVIL ACTION NO. 2:13cv17-KS-MTP

**DR. RONAL WOODALL, DR. CHARMAN
MCCLEAVE, RON KING, EMMITT
SPARKMAN, CHRISTOPHER EPPS,
GLORA PERRY, JOHNNIE DENMARK,
MIKE HATTING, APRIL MEGG,
WEXFORD HEALTH, FORREST
GENERAL HOSPITAL, SOUTHERN BONE
& JOINT, DR. CONSTANTINE P.
CHAROGLU, and S.M.C.I.-2-AREA**                                                **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on the Plaintiff's multi-pronged request for relief, which was docketed as a "Motion for Reconsideration". (*See* docket entry number "[32]".) Having considered the motion, the record and the applicable law, the Court finds that Plaintiff's motion is not well taken and should be denied.

On January 31, 2013, Plaintiff Ollie Lee Evans, an inmate incarcerated at the South Mississippi Correctional Institution, brought this *pro se* action alleging inadequate medical care in connection with a surgical procedure on his right hand. (*See* Complaint [1].) On this same date, Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). (*See* Motion for Leave to Proceed IFP [2].) On June 7, 2013, this Court entered its Memorandum Opinion and Order Denying *In Forma Pauperis* Status and Dismissing Cause Without Prejudice ("Dismissal Order") [28]. The Court found that at least five (5) prior lawsuits filed by the Plaintiff had been dismissed as frivolous, malicious or for failure to state a claim. The Court further found that Plaintiff was not under imminent

danger of serious physical injury.  Thus, Plaintiff's request to proceed IFP was denied pursuant to Title 28 U.S.C. § 1915(g) and this case was dismissed without prejudice. The Court's Final Judgment [29] was entered on the same date as the Dismissal Order.

On June 24, 2013, the Clerk filed Plaintiff's Motion for Reconsideration [32].  The majority of Plaintiff's motion is vague, unintelligible and appears to request relief unavailable in this Court.  For instance, Plaintiff seeks an "en-banc-rehearing" and "certiorari", and cites Federal Rule of Appellate Procedure 14 and Fifth Circuit Rule 41. Nonetheless, it is apparent that the Plaintiff disagrees with the Court's Dismissal Order [28] and Final Judgment [29], and that he seeks "reconsideration" of those rulings.  It is also clear that Plaintiff's motion was filed seventeen (17) days after the entry of judgment.  Therefore, the Court will construe Plaintiff's *pro se* filing as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (providing that Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment); *Marlow LLC v. BellSouth Telecomms., Inc.*, No. 2:10cv135, 2013 WL 1313093, at *1 (S.D. Miss. Mar. 26, 2013) (Although the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, "this Court and others consider such motions under Federal Rule of Civil Procedure 59(e) . . . when they are filed within the time period specified under this Rule.")

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182.  "Reconsideration of a judgment after its entry

is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).  "'Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'" *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Upon consideration of the few intelligible portions of Plaintiff's Motion [32], the Court finds no showing warranting relief from the Court's Dismissal Order [28] and Final Judgment [29].  At best, Plaintiff has evidenced his disagreement with the Court's rulings.  A mere disagreement between a litigant and a court is legally inoperative under Rule 59(e).  *See Marlow LLC*, 2013 WL 1313093, at *2; *Atkins*, 130 F.R.D. at 626.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [32] is denied.

The Clerk is directed to mail a copy of this Order to the Plaintiff at the address listed on the docket.

SO ORDERED AND ADJUDGED this the 3rd day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE